# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-475


STATE OF LOUISIANA

VERSUS

JEROME THOMAS


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 10-239244
HONORABLE CHARLES L. PORTER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## MARC T. AMY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Marc T. Amy, and Billy Howard Ezell, Judges.


**AFFIRMED.**

**J. Phillip Haney**
**District Attorney**
**Angela B. Odinet**
**Assistant District Attorney**
**415 Main Street**
**St. Martinville, LA   70582**
**(337) 394-2220**
**COUNSEL FOR APPELLEE:**
      **State of Louisiana**

**Edward K. Bauman**
**Louisiana Appellate Project**
**Post Office Box 1641**
**Lake Charles, LA   70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
      **Jerome Thomas**

**AMY, Judge.**

A jury convicted the defendant of two counts of aggravated rape for offenses involving minor children. The trial court sentenced the defendant to life imprisonment without the possibility of probation, parole or suspension of sentence. The defendant appeals, questioning the trial court's denial of his challenges for cause during juror selection. For the following reasons, we affirm.

## Factual and Procedural Background

In November 2010, the State charged the defendant with two counts of aggravated rape involving minors under the age of thirteen. *See* La.R.S. 14:42. The first charge related to an offense allegedly committed in 2010 upon a child born in 2000, whereas the second offense was allegedly committed during the span of 1983 through 1987 upon a child born in 1974.

Following trial, a jury convicted the defendant as charged. The trial court thereafter imposed a term of life imprisonment at hard labor without the possibility of probation, parole or suspension of sentence. *See* La.R.S. 14:42(D).

The defendant appeals and, in his sole assignment of error, argues that the trial court erred in denying his challenges for cause of two jurors.

## Discussion

*Errors Patent*

Pursuant to La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. That review revealed no such errors.

*Challenges for Cause*

As he did at trial, the defendant questions the trial court's denial of his separate challenges for cause of two jurors, Mr. Trahan and Ms. Howard. During voir dire, both jurors recounted instances of sexual abuse in their respective

personal or family history. The defendant contends that, in light of that history, the trial court was required to grant his challenges for cause of both jurors. The record indicates that the defendant exercised peremptory challenges for both jurors.

Louisiana Constitution Article 1, § 17 ensures that an "accused shall have a right to full voir dire examination of prospective jurors and to challenge jurors peremptively." Thus, in the event a defendant must utilize a peremptory challenge in order to correct an erroneous denial of his or her challenge for cause, and ultimately exercises all available peremptory challenges on other prospective jurors,[1] a substantial right of the defendant is affected. *State v. Lewis*, 12-1021 (La. 3/19/13), 112 So.3d 796; In that event, prejudice is presumed. *Id.*

The defendant in this case lodged challenges for cause based on allegations of bias. In this regard, La.Code Crim.P. art. 797 provides that:

> The state or the defendant may challenge a juror for cause on the ground that:
>
> . . . .
>
> (2) The juror is not impartial, whatever the cause of his partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied, that he can render an impartial verdict according to the law and evidence[.]

The record reveals that the defendant did, in fact, use all twelve peremptory challenges available to him.

In reviewing the denials of the challenges for cause, we are mindful that a trial court is afforded broad discretion in its rulings on such a challenge. *See State v. Campbell*, 06-286 (La. 5/21/08), 983 So.2d 810, *cert. denied*, 555 U.S. 1040,

---

[1] La.Code Crim.P. art. 799 provides that: "In trials of offenses punishable by death or necessarily by imprisonment at hard labor, each defendant shall have twelve peremptory challenges, and the state twelve for each defendant. In all other cases, each defendant shall have six peremptory challenges, and the state six for each defendant."

129 S.Ct. 607 (2008). Additionally, its ruling will only be reversed in the event that the entirety of the voir dire record reveals an abuse of discretion. *Id.* Thus, a potential juror's responses are not to be considered in isolation. *Id.* However, a challenge for cause should be granted even if a prospective juror states that he or she can remain impartial when the juror's responses, as a whole, "reveal facts from which bias, prejudice or inability to render judgment according to law may be reasonably [inferred]." *Id.* at 858 (quoting *State v. Jones*, 474 So.2d 919 (La.1985) (alteration in original)). Thus, and notwithstanding the abuse of discretion standard, a trial court's denial of a challenge for cause based on an allegation of bias is neither reversible error nor an abuse of discretion if the prospective juror "demonstrates a willingness and ability to decide the case fairly according to the law and evidence" upon further examination or rehabilitation. *Id.* Having set forth the applicable law and standard of review, we turn to consideration of the correctness of the denials for cause.

Potential Juror Trahan

First, the defendant questions the trial court's denial of his challenge for cause of potential juror Trahan. Namely, the defendant notes that, when asked if he had relatives who had been the victims of a crime, Mr. Trahan revealed that his sister was a victim of rape "four or five years ago[.]" He explained that she was "[e]leven or twelve" at the time of the offense and that the perpetrator "went to jail." Thereafter, the trial court questioned Mr. Trahan regarding his ability to set that history aside as follows:

> Q.     All right. So, if you're selected as a juror, it'll bring back those, those memories?
>
> A.     Kinda.

Q.    All right.  All right.  That'll, would that prevent you from being fair –

A.    No.

Q.    - to both the State and the Defendant in this case?

A.    No.

Q.    All right.  You can set that aside?

A.    (No response).

Q.    Yes?  No?

A.    Yes.

Q.    All right.

After the trial court denied the defendant's challenge for cause, the defendant exercised a peremptory challenge to exclude Mr. Trahan from the jury.

Reviewing the voir dire record as a whole, we find that the trial court did not abuse its discretion in denying the defendant's challenge of Mr. Trahan.  Instead, as indicated in the above-referenced colloquy, Mr. Trahan indicated that his sister's history would not prevent him from being fair to either the defendant or the State. Additionally, the facts, as developed by the questioning, are not such that required the trial court to find that bias, prejudice, or an inability to render judgment according to the law may be reasonably inferred.  *See Campbell*, 983 So.2d 810.

Accordingly, we find no merit in the defendant's argument regarding Mr. Trahan.

Potential Juror Howard

The defendant also questions the denial of his challenge for cause of potential juror Howard, who explained to the trial court during voir dire that she "was molested as a child" and that "[she] was raped when [she] was seventeen." Ms. Howard explained that no charges had been filed as result.  She volunteered

4

that: "I don't feel that it would affect my decision making but, I wanted that to be known." Thereafter, the following colloquy occurred between Ms. Howard and the State:

Q. Okay. And so, was it a relative in the –

A. No.

Q. Non-relative?

A. Non-relative.

Q. And you've never disclosed?

A. I've disclosed it to my family but I didn't disclose it to the police or anything like that.

Q. And so, how old were you?

A. I was ten.

Q. Okay.

A. Probably for two years. And I was seventeen the last time.

Q. Have you received any type of counseling or –

A. I did. I went to counseling for almost two years.

Q. And you feel like you've dealt with –

A. Yes.

Q. - sufficiently enough to allow you to withstand a trial like this?

A. Yes, I think so.

Q. Okay. You know, and a lot of times you hear a lot of people say that they can be fair, but emotionally it's a very difficult thing for them to experience. Do you think that emotionally you'd be able to withstand it?

A. Yes, I think so.

Q. Okay. Do you think that your own personal experiences would weigh in in any way, shape or form when determining credibility or –

5

A.     I think I could probably see where someone's coming from because I've been there.

Q.     Uh-huh.

A.     I, I don't think that it would have an affect on my decision 'cause I feel like someone is innocent until they're proven guilty. And if someone is guilty then they should be punished for it. But they shouldn't be punished if they're not guilty.

Q.     So you think that you can fairly look at everything and decide whether or not?

A.     Yes.

Thereafter, defense counsel questioned Ms. Howard regarding whether she would be inclined to "lean toward" believing the victims in the case in light of her history. Ms. Howard responded: "I don't think so." When defense counsel inquired regarding whether the trial could "bring back memories" of her experiences, Ms. Howard responded:

A.     It would probably bring up a memory but I've dealt with all of those issues through counseling and I've, I've had friends who have been through the same thing and I've tried to help support them in what they've been through. But I don't, I don't feel that I would make a decision based on something that's happened to me in my past. I think that I could look at both sides of a story.

Q.     Do you ever regret not having tried to bring the perpetrators in your situation through the criminal process?

A.     Yes, I do.

Q.     And you honestly can say that you do not feel that that type of regret might motivate you to lean more towards the State than the Defendant in this case?

A.     Absolutely not.

Finally, when the State renewed its questioning of Ms. Howard, the prosecutor asked whether she might "over compensate" in an effort to be fair to the defendant. In response, the potential juror explained that: "Through my life I've always tried to balance both sides of everything. And sometimes it takes me longer to make a

6

decision because I do that. But I want to make the right decision, the best decision that I feel is accurate."

In rejecting the defendant's challenge for cause of Ms. Howard, the trial court remarked that Ms. Howard's answers were "decisive" and "considered." We find no abuse of discretion in that determination. Instead, Ms. Howard repeatedly confirmed her ability to consider the matter without favor to either the State or the defendant. Her testimony as a whole supports the trial court's ruling. *See Campbell*, 983 So.2d 810.

This assignment lacks merit.

## DECREE

For the foregoing reasons, the convictions of the defendant, Jerome Thomas, are affirmed.

**AFFIRMED.**